*B. F. Enos* and *J. P. Bailey,* for plaintiff.

*Risser & Smith,* for defendants.

---

## TAXABILITY OF MONEYS INVESTED IN MUNICIPAL BONDS DURING TAX YEAR.

[Circuit Court of Clark County.]

MARY E. WHITELY V. CLARENCE W. ARBOGAST, TREASURER OF CLARK COUNTY, OHIO.

Decided, May, 1907.

*Taxation—Monthly Average of Moneys Invested in Municipal Bonds During Tax Year Exempt—Uniformity of Tax Laws—Paragraph 16 of Section 2737 Construed—Constitutional Law.*

Since the amendment to the Constitution exempting municipal bonds · from taxation, a person is not required, under paragraph 16, Section 2737, to list "the monthly average amount or value, for the time he held or controlled the name, within the preceding year, of all moneys, credits or other effects within that time invested in, or converted into bonds of any municipality of this state, not taxed, to the extent he may hold or control such bonds or securities on said day preceding the second Monday of April," etc.

DUSTIN, J.; WILSON, J., and SULLIVAN, J., concur.

Appeal from Clark County Common Pleas Court.

This case is here on appeal.  The plaintiff brought an action to restrain the collection of certain taxes placed against her. She alleges that in April, 1905, she returned all of her property—some $13,000—for taxation; that between listing day in 1905 and listing day in 1906 she purchased certain municipal bonds, giving the dates and amounts; some were purchased in December, 1905, others in January, 1906, and others in March, 1906; that they are now exempted from taxation, but notwithstanding that, there has been placed against her for collection, the average, or supposed average value of the money or securities which had been, between the listing days, placed by her in these non-taxable securities, amounting to some $7,000, and that the officer in doing so relied upon the sixteenth paragraph of Section 2737, Revised Statutes, which reads:

"The monthly average amount or value, for the time he held or controlled the same, within the 'preceding year, of all moneys, credits or other effects, within that time invested in, or converted into bonds or other securities of the United States or of this state, not taxed, to the extent he may hold or control such bonds or securities on said day preceding the second Monday of April;" etc.

The official obtained an opinion from the Attorney-General of Ohio, of the proper interpretation of this law.  The Attorney-General held that money invested in municipal bonds would not (under the above section) be exempted from taxation—municipalities being divisions of the state; and that, at any rate, any other interpretation would be unconstitutional because it would, give to municipal bonds a more favorable position than United States or state bonds, since the money invested in United States or state bonds, between listing days, would have to be reported —the average amount—but not so as to municipal bonds; and in accordance with that opinion, the official acted.

Now the language is not obscure or ambiguous in any way; it reads, "bonds of the United States, or of this state."  In our view, that does not cover bonds of municipalities.  But it is claimed that we should so hold because that is, or should be the intention of the Legislature, and if the Legislature has not

amended this section (which was last amended in 1868, I believe), it has been an oversight and the courts, in behalf of the taxing power and to make a uniform application thereof, should hold that these municipal bonds are included.

We think we have no right to read anything into the statute, except in cases where we find the legislative intent to have been to include other words or phrases.

It is very manifest that the legislative intent was not to include municipal bonds, because municipal · bonds were at that time taxed.   We have no right, therefore, to read that into the statute.

It is claimed that this interpretation would destroy the uniformity of the tax laws.   That may be, and it probably is true that this act, since the amendment to the Constitution relieving municipal bonds from taxation, is unconstitutional; but it is not for us so to declare, because the language of the section does not include municipal bonds, and it is therefore of no concern to us in the determination of this case.

Some holder of United States or state bonds, who has invested in the same between listing days, and who is taxed the average amount or value of the money invested therein, may bring an action, and upon such action possibly that section may be declared to be unconstitutional, but that is of no concern to us, because municipal bonds are not mentioned.

We are unable to take any other view than that taken by the common pleas court in this case.   As it came up on demurrer to the petition, the demurrer will be overruled, as it was by the court below.